Eastern District of Kentucky
FILED

MAY 1 7 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-424-JBC

ROBERT MILLER,                                                    PLAINTIFF

V.                      **PROPOSED FINDINGS OF FACT
                          AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                                DEFENDANT

* * * * * * * * * *

## I. INTRODUCTION

Plaintiff Robert Miller, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that he was not under a "disability," as defined in the Social Security Act, at any time through the date of the Commissioner's decision, and that based on his applications for Disability Insurance Benefits (DIB), Widower's Insurance Benefits, and Supplemental Security Income (SSI) payments filed on October 21, 2002, he was not disabled and was not entitled to benefits.

This matter is before the Court on cross-motions for summary judgment. [DE ##7, 8].

By Order of February 24, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

**A.      Prior DIB application**

Plaintiff previously filed a DIB application on December 29, 1993, which was denied initially and on reconsideration, resulting in an ALJ hearing decision dated January 2, 1996. On January 23, 1997, the Appeals Council declined to review the ALJ hearing decision. (Tr. 19). There is no indication of record that plaintiff sought judicial review of the Commissioner's denial of this claim for disability benefits.

**B.     Present application**

On October 21, 2002, plaintiff filed another DIB application, along with applications for SSI Widower's Insurance Benefits[1], alleging a disability onset date of January 1, 1995, at age 50, due to depression, knee pain, back pain, and carpal tunnel syndrome. (Tr. 293, 296-98); however, plaintiff was age 59 at the time of the ALJ hearing on January 28, 2004. These applications were denied initially and on reconsideration. On March 16, 2004, ALJ Ronald M. Kayser found that plaintiff had not been disabled at any time through the date of that decision; therefore, he was not entitled to DIB, Widower's Insurance Benefits, or SSI payments. (Tr. 19-28).[2]

Plaintiff was born on February 19, 1944, has a ninth-grade education, and has past work experience as an automobile mechanic and an automobile detailer. Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since June 1, 1999; (2) claimant has an impairment or a combination of impairments considered "severe, " *viz.*, right wrist carpel tunnel syndrome and right knee pain; however, claimants medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning his limitations are not totally credible; (4) claimant is unable to perform any of his past relevant work (PRW); (5) claimant has the residual functional capacity (RFC) to perform a significant range of medium work; (6) claimant has no transferable work skills from any PRW; (7) although claimant's exertional limitations do not allow him to perform the full range of medium work, using Medical-Vocational Rule 203.04 as a framework for decision-making, there is a significant number of jobs in the national economy claimant can perform, such as bench assembly jobs, cashier and counter clerk jobs, and at the light exertional level, there are auto-detailing jobs and cashier jobs; and (8) claimant has not been under

_____

[1] In her motion for summary judgment, defendant advises that plaintiff began receiving Widower's Insurance Benefits in February of 2004, after he reached age 60.

[2] However, plaintiff advises in his motion for summary judgment that on August 3, 2004, while his request was pending before the Appeals Council to review the ALJ's decision, he filed a third DIB application, which was approved with an disability onset date of March 17, 2004.

2

a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, March 16, 2004. (Tr. 19-28).

The Appeals Council declined to review the ALJ's decision; therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

## III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of his motion for summary judgment, plaintiff contends (1) that the ALJ erred in finding that he has the RFC to perform medium-level work, and (2) that the ALJ failed to properly analyze this case according to the special rules for claimants of advanced age. For these reasons, plaintiff contends that the ALJ's decision is not supported by substantial evidence and that the Commissioner's decision should be reversed and benefits awarded, or in the alternative, that this action should be remanded to the Commissioner for further consideration.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

3

**Discussion/Analysis**

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record, Exhibits B-1F through B-9F, and the transcript of the ALJ hearing. It is significant that there is no medical evidence of record containing any medical opinion by a treating, examining, or non-examining medical source that plaintiff is disabled.

A.    **ALJ's finding that plaintiff has the RFC to perform medium-level work**

Dr. John Rawlings, a non-examining, reviewing physician,[3] completed a Physical RFC Assessment form on January 7, 2003, wherein he indicated that plaintiff could lift 50 pounds occasionally, could lift 25 pounds frequently, could stand and/or walk for a total of about 6 hours in an 8-hour workday, could sit for a total of about 6 hours in an 8-hour workday, could climb ramp/stairs frequently, could climb ladder/rope, scaffolds occasionally, and could kneel, crouch, and crawl frequently. Concerning plaintiff's ability to push and/or pull, Dr. Rawlings noted that plaintiff was limited in his right upper extremity in his handling ability. Other than the foregoing limitation in handling, Dr. Rawlings noted no other limitations. (Tr. 195-205).

On May 1, 2003, Dr. James T. Ramsey, a non-examining, reviewing physician, completed a physical RFC Assessment Form concerning plaintiff and made the same RFC findings as to plaintiff's abilities as Dr. Rawlings did in January of 2003. (Tr. 237-245).

Consequently, since there are two physical RFC assessments of record indicating that plaintiff can perform medium-level work, the Magistrate Judge concludes that the ALJ's finding that plaintiff retains the RFC to perform medium-level work is supported by substantial evidence. There are no contrary physical RFC assessments of record indicating that plaintiff is unable to perform medium-level work. Plaintiff argues that the foregoing physical RFC assessments on which the ALJ relied in making his finding that plaintiff retained the RFC to perform medium-level work are not

---

[3] It appears that Dr. Rawlings reviewed the report of examining physician, Rita Ratliff, M.D., who examined plaintiff on December 15, 2002.

4

probative because the assessments were performed in January and May of 2003, respectively, while the ALJ hearing was not held until January 28, 2004, suggesting that these RFC assessments were outdated; however, the Magistrate Judge is unpersuaded by this argument, especially since plaintiff knew that the foregoing physical RFC assessments provided by these two non-examining, reviewing physicians were of record and had more than ample opportunity in the interim between the time when these consultative RFC assessments were made and the ALJ hearing in January of 2004, to be examined by another physician of his choosing and to provide the ALJ with a physical RFC assessment nearer in time to the ALJ hearing.  Plaintiff bears the burden of proof in establishing that his disability.

**B.      ALJ failed to properly analyze this case according to the special rules for claimants of advanced age**

Plaintiff also submits that the ALJ failed to properly analyze this case according to the special rules for claimants of advanced age.  Plaintiff is referring to the regulations applicable to claimants fifty-five years of age and older, *viz.,* 20 C.F.R. §§ 404.1563(e) and 404.1568(d)(4).

As previously stated, on his present application filed on October 21, 2002, plaintiff alleged an onset date of January 1, 1995, due to depression, knee pain, back pain, and carpal tunnel syndrome.  (Tr. 293, 296-98).  Although plaintiff was age 58 when he filed the current application, he alleged that he became disabled in 1995, when he was 50 years of age.  Thus, in evaluating plaintiff's claim, the ALJ was required to examine the medical evidence of record to determine whether plaintiff had established that he had become disabled on January 1, 1995, when he was 50 years old.  Given that plaintiff alleged that he became disabled when he was age 50, the Magistrate Judge is unpersuaded by plaintiff's argument that the ALJ was required to analyze this case under the regulations for individuals of advanced age (55 or over) and for those individuals closely approaching retirement age (age 60-64).  Plaintiff's argument might be more persuasive if he had alleged that he became disabled at age 55 or older, as opposed to claiming an onset date when he was age 50.

5

# V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #7] be **DENIED**, that the defendant's motion for summary judgment [DE #8] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This ___17th___ day of May, 2005.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE