UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 04-424-JBC

ROBERT MILLER,                                                                                    PLAINTIFF,

V.                                               **O R D E R**

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Supplemental Security Income, Disability Insurance Benefits, and Widower's Insurance Benefits.  Upon cross-motions for summary judgment (DE 7, DE 8), the court referred this action to United States Magistrate Judge James B. Todd, who issued the Proposed Findings of Fact and Recommendation (DE 10).  The plaintiff has filed objections to the Report and Recommendation (DE 11).

When the parties to an action submit objections to the Magistrate Judge's report, the district court reviews the record *de novo*.  28 U.S.C. § 636 (b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will affirm the Commissioner's decision, albeit for different reasons than those proposed by the Magistrate Judge.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's report on two grounds: (1) that the Magistrate Judge erred when he found the ALJ's residual functional

capacity (RFC) analysis to be supported by substantial evidence and (2) that he also erred by failing to properly apply the special rules for claimants of advanced age.

Review of the ALJ's decision to deny disability benefits is limited to determining whether substantial evidence exists to support the denial decision and whether the Secretary properly applied applicable legal standards. *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Richardson v. Perales*, 402 U.S. 389 (1971). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

The court finds that the ALJ's determination of the claimant's RFC is supported by substantial evidence on the record because it is consistent with the reports of Dr. James T. Ramsey and Dr. John T. Rawlings and because it is not contradicted by any medical evidence contained in the record.

With regard to the application of special rules for applicants of advanced age, the court disagrees with the Magistrate Judge's conclusion that age is determined as of the date of alleged onset. The Sixth Circuit has held that "the claimant's age as of the time of the decision governs in applying the regulations." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987) (rejecting contention that age is determined as of application or first hearing). The ALJ's decision in this case was entered on March 16, 2004, at which time the claimant

was 60 years old.

The court nonetheless finds that the ALJ properly applied the special rules for individuals of advanced age. The ALJ specifically found that the claimant qualifies as an individual "closely approaching retirement age" under 20 C.F.R. §§ 404.1563 and 416.963. AR 27. The regulations provide that:

> If you are closely approaching retirement age (age 60-64) and you have a severe impairment(s) that limits you to *no more than light work*, we will find that you have skills that are transferable to skilled or semiskilled light work only if the light work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.

20 C.F.R. § 404.1568(d)(4) (emphasis added). The rule regarding occupational adjustments for persons of advanced age (age 55 or older) is similarly limited in application to impairments that restrict the claimant to only sedentary or light work. *Id.* Because the ALJ found that the claimant is capable of performing a significant range of *medium work* (AR 27), the special rules minimizing the extent to which a person of advanced age or who is closely approaching retirement can be required to adjust to new work are not applicable. Accordingly,

**IT IS ORDERED** that the magistrate judge's Proposed Findings of Fact and Recommendation (DE 10) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment

3

(DE 7) is **DENIED**.

  **IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 8) is **GRANTED**.

Signed on August 15, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY